## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE MCDANIELS, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN THOMPSON, et al., | : | No. 14-CV-3942 |
| Respondents | : | |

## <u>REPORT AND RECOMMENDATION</u>

Richard A. Lloret                                                      December 29, 2015
U.S. Magistrate Judge

      Before me is the Petition for Writ of Habeas Corpus of Tyrone McDaniels pursuant to 28 U.S.C. § 2254. McDaniels is serving an aggregate state sentence of 10½ to 21 years imprisonment following his conviction for committing a string of armed robberies in Philadelphia during the fall of 2006. McDaniels claims that he is entitled to habeas relief because the state court failed to arraign him on charges relating to one of the robberies immediately prior to trial, because his prior attorneys were ineffective for failing to object to and litigate the issue of the failure to arraign, and for failing to object to the joinder of all three robbery informations for one trial. (*See* Doc. No. 1). The Commonwealth concedes that "[d]ue to an apparent oversight" McDanniels was not arraigned on charges relating to one of the charged robberies prior to trial. (Doc. No. 17, at 13).  Nonetheless, the Commonwealth argues that McDaniels' arraignment claim is not cognizable, is procedurally defaulted, and also is meritless. The Commonwealth likewise argues that McDaniels' claim regarding inappropriate joinder is procedurally defaulted and without merit. Based upon my review, I agree with Commonwealth, and respectfully recommend that McDaniels' petition be dismissed with prejudice.

## FACTUAL HISTORY

In ruling on McDaniel's direct appeal, the Pennsylvania Superior Court

summarized the facts of this case as follows:

This case stems from three robberies committed on different dates
against unrelated victims in the same area of Center City Philadelphia
between late October and early November 2006. In each episode, two
young black men wearing hooded sweatshirts ambushed the victim as he
or she was walking after dark. The victim reports consistently alleged that
one assailant would point a gun at the victim while the other demanded
money.

While the first victim, 27 year-old Laura Bishop, gave a vague
description of what she thought was a gun, the second and third robbery
victims, Mary Armstrong and Aaron McHargue, respectively, described a
black and silver gun and further alleged their assailants threatened to kill
them. Two of the victims also said the assailants ran to a getaway car
driven by another after completing the crime, with Bishop identifying a
maroon four door Mitsubishi parked near the crime scene while
Armstrong described a dark sedan she likened to a Ford Taurus stopping
so the two robbers could jump in its back seat. In the third robbery,
McHargue did not notice a getaway car, but did report that three hooded
assailants had initially run at him, though one of them stopped short and
did not participate in the robbery.

The victims also gave consistent physical descriptions of the
robbers. Bishop described them as black males between 17 to 21 years' old
with medium complexions, 6' tall, and having thin builds. Armstrong
described them as 18 years old, 5'8" to 5'10" with thin builds, while
McHargue also said 5'8" to 5'10" with medium complexions.

The robberies triggered a police investigation and surveillance of
the neighborhood, which resulted in the November 13, 2006 arrest of
three hooded black males who matched the description given by victims
robbed earlier that day. Later that same evening, police in the
neighborhood spotted a parked maroon Mitsubishi matching the
description of the getaway car used in the Bishop robbery. A search of the
vehicle produced driver's licenses belonging to the persons robbed earlier
that evening.

A short time later, police observed McDaniels and Devon Cane walk
up to the car. When police confronted them and asked their connection to
the car, Cane said his cell phone, which he had lent to a friend, was inside.
Police dialed the cell phone number given to them by Cane and arrested
him when the phone inside the car began to ring. McDaniels was also

detained for questioning at that time, but was released after he gave information enabling police to obtain his photo for a photo array. Afterward, one of the officers investigated the immediate area from which McDaniels and Cane had just come and discovered in a vacant lot at the end of the block, just feet from the street, a box containing a black and silver gun.

Police subsequently showed to each victim photo arrays containing photos of Cane and McDaniels. On December 1, 2006, Armstrong identified both McDaniels and Cane, and McDaniels was arrested on that date for the robbery of Armstrong. When McHargue also identified both Cane and McDaniels from the photo arrays presented to him on December 13, 2006, McDaniels was arrested for the McHargue robbery.

Laura Bishop, however, was unable to commit to an identification of McDaniels from the array shown to her, though she did identify Cane from his array. It was not until January 11, 2007, when Bishop was able to identify McDaniels in a line-up, that police arrested McDaniels for the Bishop robbery.

*Commonwealth v. McDaniels*, 998 A.2d 1002 (Pa. Super. 2010) (unpublished memorandum at 2-4).

On the Commonwealth's motion, the three robbery cases were joined for trial. On September 6, 2007, McDaniels was convicted of third degree robbery and conspiracy in the Bishop case; first degree robbery and conspiracy in the Armstrong case; and first degree robbery and possession of an instrument of crime in the McHargue case.

*Commonwealth v. McDaniels,* No. 200 EDA 2013, at 3-4 (Pa. Super. Jan. 31, 2014). The jury found McDaniels not guilty with regard to second degree murder and conspiracy in the Bishop case. *Id.* at 4 n. 2. McDaniels was sentenced to an aggregate term of 10 ½ to 21 years imprisonment on October 18, 2007. McDaniels filed a direct appeal alleging that the prosecution violated *Brady v. Maryland,* 373 U.S. 83 (1963), by failing to disclose exculpatory information; that the trial court should have declared a mistrial when a police officer's testimony implied that McDaniels had a prior arrest; and, that

the *Kloiber*[1] charge to the jury was inadequate. The appeal was deemed entirely without merit, and McDaniels judgment of sentence was affirmed, on April 9, 2010. *Commonwealth v. McDaniels,* 3441 EDA 2008 (Pa. Super. Apr. 9, 2010).

McDaniels timely filed a *pro se* PCRA petition on July 19, 2010. He alleged that trial counsel was ineffective for failing to object to certain alleged hearsay testimony, and for failing to object when the trial judge refused the jury's request to read back certain testimony. Counsel was appointed for McDaniels and a counseled amended PCRA petition filed. The counseled petition included the claim regarding the ineffectiveness of counsel for failing to object to the court's refusal to read back certain testimony, and added a claim of prosecutorial misconduct for failing to disclose *Brady* information. The PCRA court dismissed the petition without a hearing. No timely appeal was filed.

PCRA counsel then filed a second PCRA petition on June 22, 2012, alleging her own ineffectiveness for failing to appeal the dismissal of the initial PCRA petition. On January 11, 2013, the PCRA court granted the petition, and allowed the PCRA appeal *nunc pro tunc.* On PCRA appeal, the Pennsylvania Superior Court described McDaniels claims of ineffective assistance of counsel as follows:[2]

---

[1] *Commonwealth v. Kloiber,* 106 A.2d 820 (1954). "A *Kloiber* charge is appropriate where there are special identification concerns: a witness did not have the opportunity to clearly view the defendant, equivocated in his identification of a defendant, or had difficulty making an identification in the past. *Commonwealth v. Rollins,* 558 Pa. 532, 738 A.2d 435, 448 n. 14 (1999); *Commonwealth v. Gibson,* 547 Pa. 71, 688 A.2d 1152, 1163 (1997)." *Commonwealth v. Reid*, 99 A.3d 427, 448 (Pa. 2014).

[2] McDaniels has had five different attorneys through various stages of this litigation. He was represented by Geoffrey Seay at trial, Emily Cherniack and then Charles Peruto, Jr. on direct appeal, Sondra R. Rodrigues for the PCRA petition, and John P. Cotter for the PCRA appeal.

1. "PCRA counsel was ineffective for failing to raise [on] direct appeal counsel's ineffectiveness for failing to request reinstatement of his direct appeal rights[.]" *Commonwealth v. McDaniels,* No. 200 EDA 2013, at 6 (Pa. Super. Jan. 31 2014);

2. "PCRA counsel was ineffective for failing to raise three instances of trial counsel ineffectiveness in the amended PCRA petition." *Id.* at 7;

3. "Trial counsel was ineffective for . . . failing to ensure McDaniels was arraigned on all charges[.] *Id.*;

4. Trial counsel was ineffective for "failing to assert a *Brady* violation when counsel learned that Bishop had failed to identify McDaniels in a photo array[.]" *Id.*;

5. Trial counsel was ineffective for "failing to request a mistrial when a Commonwealth witness alluded to McDaniels' prior arrest[.]"; and

6. Trial counsel was ineffective for failing to object when the judge refused to read certain testimony back to the jury. *Id.* at 9.

Although some of the claims were not raised on initial PCRA review, the Superior Court nonetheless evaluated on the merits all claims raised. The Superior Court found all claims to be lacking in merit.

With regard to the specific claims now raised in the habeas petition, the Superior Court noted the following with regard to the failure to arraign McDaniels on the Armstrong charges and the related ineffective assistance of counsel claim:

> . . . the Commonwealth concedes that on the first day of trial "[d]ue to an apparent oversight," McDaniels was not formally arraigned on the charges in the Armstrong case. . . . However, McDaniels cites no authority nor provides any analysis as to how he was prejudiced by this oversight. . . . The trial court informed the jury that the arraignment was "simply a

> formal reading of the charges to the defendant and the entry of the plea" . . . . McDaniels makes no claim that he was unaware of the charges filed against him in the Armstrong case, or that the jury was confused as to whether or not he intended to plead guilty to those charges. Indeed, during the course of the trial, it became clear to the jury that McDaniels was not pleading guilty to any of the charges lodged against him. Therefore, no relief is warranted on this claim.

*Commonwealth v. McDaniels,* 200 EDA 2013, at 8 (Pa. Super. Jan. 31, 2014) (internal citations omitted). Likewise, the Superior Court found McDaniels' claim alleging ineffectiveness of trial counsel for failing to object to the trial court's refusal to read back certain testimony to the jury to be without merit. The Superior Court noted that the decision to read back testimony to the jury is well within the discretion of the trial court, and that Pennsylvania Rule of Criminal Procedure 646(C)(1) expressly prohibits the jury from having the actual transcripts of trial testimony with them during deliberations. *Id.* at 9-10. "Bearing in mind [the] deferential standard of review" the Superior court found "no basis upon which to disagree" with the PCRA court's findings on this issue. *Id.* at 10.

On June 25, 2014, McDaniels timely filed his federal habeas petition.

## STANDARD OF REVIEW

This petition for writ of habeas corpus has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 2254 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). Under the AEDPA, a prerequisite to the issuance of a writ of habeas corpus on behalf of a person in state custody pursuant to a state court judgment is that the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to satisfy this requirement, a petitioner must have "fairly presented" the merits of his federal claims during "one complete round of the established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

6

A federal claim is fairly presented to the state courts where the petitioner has raised "the same factual and legal basis for the claim to the state courts." *See Nara v. Frank,* 488 F.3d 188, 198–99 (3d Cir. 2007).

If a petitioner fairly presents a claim to the state courts, but it was denied on a state-law ground that is "independent of the federal question and adequate to support the judgment," the claim is procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). A claim is also procedurally defaulted if the petitioner failed to present the claim in state court and would now be barred from doing so under state procedural rules. *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir. 1999). Where a claim is procedurally defaulted, it cannot provide a basis for federal habeas relief unless the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750.

Where the federal court reviews a claim that has been adjudicated on the merits by the state court, 28 U.S.C. § 2254(d) permits the federal court to grant a petition for habeas corpus only if: (1) the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see Parker v. Matthews,* ____ U.S. ____,132 S.Ct. 2148, 2151–53 (2012) (reiterating that the standard under 2254(d)(1) is highly deferential to state court decisions, and overturning a Sixth Circuit decision granting habeas relief because the state court's decision denying relief was not objectively

7

unreasonable). Factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Simmons v. Beard,* 590 F.3d 223, 231 (3d Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).

Interpreting this statutory language, the Supreme Court has explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362 (2000). With respect to "the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" inquiry thus requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. As the Third Circuit has noted, "an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Werts v. Vaughn,* 228 F.3d 178, 196 (3d Cir. 2000) (citing *Williams,* 529 U.S. at 411).

Where the state court decision does not constitute an "adjudication on the merits," but the petitioner's claim is ripe for habeas review, § 2254 does not apply and instead the federal court applies the pre-AEDPA standard, reviewing pure legal questions and mixed question of law and fact *de novo. See Appel v. Horn,* 250 F.3d 203,

210 (3d Cir. 2001). The state court's factual determinations, however, are still presumed correct pursuant to § 2254(e)(1).

## DISCUSSION

McDaniels articulates four grounds on which he believes he is entitled to relief in his *pro se* petition. As the first ground, he alleges "Lack of Subject Matter Jurisdiction[.]" (Doc. No. 1, at 8). In support of this claim, McDaniels contends that "I did not have a formal Arraignment for case or docket no. CP-51-CR-0002898-2007. [sic] And I was unaware of the charges filed against me in that case. [sic] Which I was convicted of." *Id.* Second, McDaniels alleges "Unlawful Detainment[.]" *Id.* at 10. McDaniels elaborates that "I was convicted for docket no. or case CP-51-CR-0002898-2007 which I was unaware of the charges filed against me in that case." *Id.* Third, McDaniels alleges "Ineffective Assistance of Counsel." *Id.* at 12. In support of that claim, McDaniels contends "trial counsel failed to object or preserve the issue of the trial court's failure to make sure I was formally arraigned for docket no. CP-51-CR-0002898-2007 to make sure I was aware of all charges filed against me in that case." *Id.* Finally, as his fourth ground, McDaniels alleges another ineffective assistance of counsel claim. Specifically, McDaniels contends that trial counsel was ineffective "[f]or failing to object to the prosecutor's motion for a joinder trial, to have all three cases in front of the same jury. That caused me not to have a fair trial." *Id.* at 13-14. I will address each of McDaniels claims separately.

### A. Failure to Arraign on Armstrong Case Charges

McDaniels contends that he was not arraigned on the charges arising from the Armstrong robbery immediately prior to trial. The Commonwealth concedes this point. (Doc. No. 17, at 13-14). McDaniels raises two substantive claims with regard to the lack

of arraignment. In the first, he claims "lack of subject matter jurisdiction," and in the second, "unlawful detainment." The Commonwealth leads its argument on this issue by contending that because McDaniels has not referenced the United States Constitution or any Supreme Court case in support of his claim, the "issue is so general as to be meaningless, and it does not constitute an assertion of a federal claim." (Doc. No. 17, at 9-10).[3] The Commonwealth also contends that McDaniels claims are unexhausted and procedurally defaulted as McDaniels raises these substantive claims for the first time in his federal habeas petition. For the reasons described below, I find that insofar as McDaniels has stated federal claims, those claims are procedurally defaulted. Even if the claims were properly before this court, they nonetheless lack merit. McDaniels' petition should be denied as to the arraignment-related substantive claims.

McDaniels is proceeding *pro se.* As the Court of Appeals has observed,

> "To assess whether a pro se petitioner fairly presented claims to the state courts, we will construe the pleadings liberally. *Cf. United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). A habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously. "It is the policy of the courts to give a liberal construction to pro se habeas petitions." *United States ex rel. Montgomery v. Brierley,* 414 F.2d 552, 555 (3d Cir. 1969) (citation omitted).

*Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). Reading his petition generously, McDaniels states a federal due process claim. This is unavailing, however, as any such claim is procedurally defaulted.

The Third Circuit has held that a petitioner has exhausted his state court remedies where "the issue decided by the Pennsylvania Supreme Court was the

---

[3] Contrary to the Commonwealth's claim, McDaniels does reference the federal constitution in his pleadings. (*See, e.g.,* Doc. No. 11, at unnumbered pages 4-6).

substantial equivalent" of the claim presented to the federal court in a habeas petition. *Lesko v. Owens,* 881 F.2d 44 (3d Cir. 1989). In explaining when a federal constitutional claim will be deemed to have been "fairly presented" to a state court for exhaustion purposes, the Court of Appeals has said:

> To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. It is not sufficient that a "somewhat similar state-law claim was made." Yet, the petitioner need not have cited "book and verse" of the federal constitution.

*McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (internal citations omitted).

McDaniels' substantive claims regarding the alleged lack of arraignment were raised for the first time in his federal habeas petition. As such, the claims were not fairly presented to the state courts. "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" 28 U.S.C. § 2254(b). *McCandless,* 172 F.3d at 260. The claims are procedurally defaulted because McDaniels would be time-barred from filing a fourth PCRA petition raising these claims. *See* 42 Pa. C.S.A. § 9545(b)(1). Accordingly, I may not reach the merits of McDaniels' substantive claims regarding the alleged failure to arraign unless McDaniels establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his default. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

McDaniels has come forward with no evidence to suggest that he can establish cause and prejudice with regard to his failure to exhaust these claims. Neither will failure to consider these claims result in a miscarriage of justice. McDaniels' substantive

claims regarding his failure to be arraigned on the Armstrong charges are procedurally

defaulted and should be denied.[4]

### B. Ineffective Assistance of Counsel - Arraignment

McDaniels also contends that trial counsel was ineffective for failing to raise the

issue of McDaniels not being arraigned on the Armstrong charges immediately prior to

trial. Although this claim was not raised until the PCRA appeal, the Pennsylvania

---

[4] While not subject to my review, I note that the docket in case number CP-51-CR-0002898 (the Armstrong robbery) reflects that McDaniels had his "Formal Arraignment" on March 28, 2007. Additionally, the Municipal Court docket in that case (No. MC-51-CR-1314286-2006) reflects that McDaniels had a "Preliminary Arraignment" on December 9, 2006, and an "Arraignment" on December 13, 2006. Thus, although McDaniel was not again arraigned immediately before trial, he was arraigned on the Armstrong charges. The Municipal Court docket also evidences that McDaniels was then represented by Geoffrey Seay, the same attorney who represented McDaniels through trial in this matter.

The comment to Rule 571 of the Pennsylvania Rules of Criminal Procedure provides:

> The main purposes of arraignment are: to ensure that the defendant is advised of the charges; to have counsel enter an appearance, or if the defendant has no counsel, to consider the defendant's right to counsel; and to commence the period of time within which to initiate pretrial discovery and to file other motions. Although the specific form of the arraignment is not prescribed by this rule, judicial districts are required to ensure that the purposes of arraignments are accomplished in all court cases.

Pa. R. Crim. P. 571. With regard to the federal constitution, as long as an accused has sufficient notice of the accusation and adequate opportunity to defend himself, the lack of a formal arraignment does not deprive an accused of any substantial right. *Garland v. State of Washington*, 232 U.S. 642, 645 (1914). Were this issue properly before me, I would be satisfied that the purposes of arraignment, both state and federal, were achieved despite the failure to again arraign on the Armstrong robbery charges at the beginning of trial.

Superior Court did reach the merits of this claim.[5]  My review of this claim is therefore "doubly deferential." I must consider only whether the Superior Court's application of *Strickland v. Washington,* 466 U.S. 668 (1984), was contrary to or an unreasonable application of that United States Supreme Court precedent.[6]

In evaluating the merits of the ineffective assistance of counsel claim related to the arraignment, the Superior Court observed that "McDaniels cites no authority nor provides any analysis as to how he was prejudiced by this oversight." *Commonwealth v. McDaniels,* 200 EDA 2013, at 7-8 (Pa. Super. 2013). Based upon this, and upon a finding that there was no allegation that McDaniels was unaware of the Armstrong charges, or that the jury was confused about whether he would plead guilty, the Superior Court found the claim lacking in merit. *Id.* at 8. McDaniels could not establish prejudice, and therefore could not establish a viable claim of ineffective assistance of counsel. The Pennsylvania Superior Court's decision is neither contrary to nor an unreasonable application of *Strickland.* McDaniel's petition should be denied as to this claim.

### C.  Ineffective Assistance of Counsel – Failure to Challenge Joinder

In his final claim, McDaniels contends that trial counsel was ineffective for failing to challenge the joinder of his three robbery cases for trial. As the Commonwealth correctly observes, this claim was not presented at any time to any state court. The claim

---

[5] The Superior Court characterized the claim as alleging that PCRA counsel was ineffective for failing to raise several instances of trial counsel ineffectiveness in the amended PCRA petition. *Commonwealth v. McDaniels,* 200 EDA 2013, at 7. McDaniels' Rule 1925(b) statement frames the issue as ineffectiveness of trial counsel for failing to ensure that McDaniels' was arraigned on the Armstrong robbery, and that "[t]o the extent that defendant's PCRA Counsel did not preserve this issue she was ineffective." Def.'s 1925(b) Statement, filed January 29, 2013.

[6] Under Pennsylvania law, ineffective assistance of counsel claims are evaluated under the Pennsylvania Constitution using the same standard as *Strickland.  Priester v. Vaughn*, 382 F.3d 394, 397-98 (3d Cir. 2004).

is procedurally defaulted because McDaniel would now be time-barred from raising this claim in a state PCRA petition. *See* 42 Pa. C.S.A. § 9545(b)(1). Accordingly, McDaniels may proceed on this claim only if he can establish cause and prejudice for the default, or if he can demonstrate that a miscarriage of justice would result from this court's refusal to hear this claim. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

McDaniels has not addressed the issue of cause and prejudice, and based on my review of the record, I find nothing to suggest there was either cause or prejudice. Likewise, there is nothing in the record to suggest that a miscarriage of justice will occur if the merits of this claim are not reached. This claim is procedurally defaulted and not properly before this court on habeas review.[7] The claim should be denied.

### D. McDaniels' Motion to Stay and Hold in Abeyance Should be Denied.

McDaniels also has moved to stay and hold in abeyance his petition for writ of habeas corpus. (Doc. No. 20). McDaniels makes this request because he "recently found out" that the sentence he is serving "is illegal." *Id.* A court may grant a stay and abeyance of a habeas petition where: (1) good cause exists for the petitioner's failure to exhaust all

---

[7] If this claim was properly before me, I would find it to be without merit. "Whether or not separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Newman*, 598 A.2d 275, 277 (Pa. 1991). Rule 582(A)(1)(a) of the Pennsylvania Rules of Criminal Procedure provides that "[o]ffenses charged in separate indictments or informations may be tried together if . . . the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Where, as here, the three robberies were substantially similar in terms of their scheme and execution, there was nothing improper about joinder. *See, e.g., Commonwealth v. Andrews,* 720 A.2d 764 (Pa. Super 1998) (Consolidation of charges of robbery, conspiracy, and possession of instrument of crime, which charges arose from robberies of three different individuals at three different apartment buildings over two-day period, was proper, due to similarity of crimes).

claims, (2) the unexhausted claims are not "plainly meritless," and (3) there is an absence of any indication that the petitioner is engaged in "potentially dilatory tactics." *Rhines v. Weber,* 544 U.S. 269, 278, (2005). Here, McDaniels claims that he "recently found out" that the sentence he is serving "is illegal." (Doc. No. 20). This bare allegation does not amount to good cause.  Moreover, McDaniels' claim is plainly without merit. Were he to attempt to return to state court to file a third PCRA petition raising this claim, such petition would be denied as untimely. McDaniels' conviction became final in 2010. By statute, PCRA petitions must be filed within one year of the judgment becoming final. 42 Pa. C.S.A. § 9545. McDaniels has not established that he is entitled to have his habeas petition stayed and held in abeyance. I respectfully recommend that his motion be denied.

## RECOMMENDATION

Based upon the discussion above, I respectfully recommend that McDaniels' petition for habeas corpus be denied with prejudice in its entirety. All claims are procedurally defaulted, lacking in merit, or both. I also respectfully recommend that McDaniels' motion to stay and hold in abeyance his habeas petition be denied. McDaniels has failed to demonstrate that he is legally entitled to such action.

Parties may object to this report and recommendation under 28 U.S.C. 636(b)(1)(B) and Local Rule of Civil Procedure 72.1 within fourteen (14) days after being served with the report and recommendation. An objecting party shall file and serve written objections that specifically identify the portions of the report or

recommendations to which objection is made, and explain the basis for the objections. A party wishing to respond to objections shall file a response within 14 days of the date the objections are served.

BY THE COURT:


_s/Richard A. Lloret_
RICHARD A. LLORET
U.S. Magistrate Judge